Argued October 28, affirmed December 1, 1914.

## BECKER *v.* McKENZIE.

(144 Pac. 434.)

**Chattel Mortgages—Conversion of Mortgaged Property—Premature Seizure—Sale.**

1.  Where a chattel mortgagee wrongfully took possession of the property before the lien matured, the subsequent maturing of the lien was no defense to the mortgagor's action for conversion, though there was no sale by the mortgagee until after the lien matured.

[As to rights and remedies of chattel mortgagor whose property has been wrongfully sold, see note in 16 Am. St. Rep. 499.]

**Chattel Mortgages—Seizure of Property—Mitigation of Damages.**

2.  Where a chattel mortgagee wrongfully seized the property before his lien matured, he could only plead the amount of the note and mortgage in mitigation of damages.

**Chattel Mortgages—Conversion of Property—Value—Question for Jury.**

3.  Where, in an action for conversion of timothy seed by a chattel mortgagee, there was evidence that the value of the seed at the time of the conversion was much greater than the price at which it was sold by defendant, the value of the seed at the time of taking was for the jury.

From Union: JOHN W. KNOWLES, Judge.

In Banc.   Statement by MR. JUSTICE EAKIN.

This is an action by P. M. Becker against D. R. McKenzie.   On January 31, 1913, plaintiff executed to

defendant a chattel mortgage on 86 sacks of timothy seed. The mortgage fell due on Sunday, March 30th, and on the morning of the following day defendant demanded his money, and plaintiff started out to raise it. During plaintiff's absence, defendant came with men and teams and took possession of the seed and carted it away; plaintiff arriving just as defendant was taking away the last load. Plaintiff, on April 11th following, filed an action of trover and conversion for the value of the mortgaged property, less the mortgage debt, in which defendant pleaded that the property had unreasonably depreciated in value, and that plaintiff had attempted to sell or dispose of part of the mortgaged property. From a judgment for plaintiff for the value of the seed, less the mortgage debt, defendant appeals.                          AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Turner Oliver.*

For respondent there was a brief with oral arguments by *Mr. R. J. Green* and *Mr. Eugene Ashwill.*

MR. JUSTICE EAKIN delivered the opinion of the court.

The assignments of error relate to the refusal of the court to give certain requested instructions, and in giving certain other instructions. The contest grew out of the question whether or not the plaintiff had sold or disposed of part of the seed, but this seems to have been rather a suspicion than a fact. The defendant testified that he knew that plaintiff had been trying to dispose of the seed. Plaintiff testified that there were 84 sacks of the seed and 2 half sacks in all.

1. Defendant requested instructions to the effect that he did not actually sell the seed until after the note became due, of which the plaintiff cannot complain. If the property was prematurely taken by the defendant, it was a wrongful taking and a conversion of the timothy seed, for which trover lies, and the subsequent maturing of the mortgage lien did not make his possession rightful or change the character of the conversion.

2. When defendant was sued in trover, he could only plead the amount of the note and mortgage in mitigation of the damages, and could not justify the conversion. In such a case the plaintiff may sue in trover for the conversion, and the defendant may plead the amount due on the note and mortgage in mitigation of the damages, which was done in this case, and the jury found the amount of plaintiff's damages, and allowed the amount of the debt to be deducted: *Springer* v. *Jenkins*, 47 Or. 502 (84 Pac. 479) ; 13 Ency. Ev., p. 105. The mortgage recited that there was about 9,000 pounds of the seed, and defendant actually sold 9,122 pounds. The controversy as to whether there were 86 full sacks, or 84 full ones and 2 half sacks, has little merit. The defendant received more seed than was specified in the mortgage, and more than sufficient to pay the mortgage, and there is testimony tending to show that plaintiff did not sell any of the seed.

3. There was evidence introduced tending to show the value of the seed at the time of the conversion was much greater than the price at which the seed was sold by defendant, and it was a question for the jury to determine what the value of the seed was at the time of the taking.

We find no error in the instructions given, or in the refusal of those requested.

The judgment is affirmed.

AFFIRMED.   REHEARING DENIED.